IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ENRIQUE DIAZ**, | Case No. 2:22-cv-1048-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **M. TESTER** and **A. BLANCO**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on March 6, 2023. Judge You recommended that this Court grant Defendants' motion for summary judgment (ECF 22) and dismiss the case without prejudice.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has

PAGE 1 – ORDER

objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although absent objections, no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Judge You found that Plaintiff had filed his grievance relating to his claim of excessive force after the required deadline and failed to demonstrate that his administrative remedy was effectively unavailable to him. Thus, Judge You recommended finding that Plaintiff had not exhausted his available administrative remedies, as the Prison Litigation Reform Act (PLRA) requires, before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a). Plaintiff objects to this portion of Judge You's findings and recommendation.[1]

Plaintiff offers three reasons for why the Court should excuse his failure to exhaust administrative remedies: (1) he is not learned in the grievance process; (2) he did not file multiple grievances before the incident giving rise to his claim; and (3) he was suffering from a rib injury, which kept him bedridden and unable to timely file a grievance. Defendants argue that

---

[1] Along with Plaintiff's objection, Plaintiff also filed two declarations (ECF 36 and 37). These sworn statements relate to another of Plaintiff's lawsuits—*Diaz v. Washburn et al.*, Case No. 2:22-cv-796-YY—and are not relevant to the Findings and Recommendations in this lawsuit. The Court therefore disregards these declarations.

Plaintiff should not be excused from failing to exhaust his administrative remedies because his cited reasons are not supported by the evidence.

First, in response to Plaintiff's assertion that he was not familiar with the grievance procedure, Defendants assert that Plaintiff completed multiple Admission & Orientation (A&O) classes during his current incarceration during which he purportedly received information about the Oregon Department of Corrections' (ODOC) discrimination-complaint and grievance systems. According to N. Sobotta, the grievance coordinator at Eastern Oregon Correctional Institution (EOCI), Adults-in-Custody (AICs) are informed about ODOC's grievance review system at A&O classes when they first arrive at the facility. Sobotta Decl. ¶ 9. The evidence shows that Plaintiff attended an A&O class on May 6, 2020 at EOCI. Eastwood Decl. ¶ 6 & Ex. 1 at 2 (ECF 31 at 2, 4).[2]

Defendants, however, present no proof of the contents of *Plaintiff's* training session, and it is unclear whether the training on May 6, 2020, contained the information about the 14-day deadline to file a timely grievance. But the handbook that AICs receive also contains information about the grievance procedure, including the 14-day deadline. Sobotta Decl. ¶ 10 & Ex. 3 (ECF 23 at 3, 19). So does the reverse side of the very grievance form that Plaintiff filled out. *Compare* Sobotta Decl. Ex. 4 (ECF 23 at 20-21) *with* Ex. 10 at 1 (ECF 23 at 39) (Plaintiff's relevant grievance, marked with the same version date, 11/2019, as Ex. 4). Despite the ambiguity about Plaintiff's training session, the handbook and grievance forms that Plaintiff received adequately explain the grievance procedure. The Court therefore agrees with Judge You's conclusion that

---

[2] The Court sees no relevance to A&O courses completed after the incident in question, and therefore disregards evidence of the A&O course completed on April 22, 2022 at SRCI, a different facility. Similarly, the Court disregards evidence of later-filed grievances.

ODOC's grievance system was not "essentially unknowable" to Plaintiff. *See Ross v. Blake*, 578 U.S. 632, 643-44.

Second, in response to Plaintiff's point that he did not file multiple prior grievances, Defendants assert that Plaintiff was familiar with the discrimination-complaint and grievance system because he filed both discrimination complaints and grievances before the incident at issue, which took place on December 5, 2021. As Judge You considered, the record conveys that Plaintiff had filed ten prior grievances between May 9, 2018 and March 2, 2020. Sobotta Decl. Ex. 9 (ECF 23 at 35-38). The 14-day policy had existed at least since October 18, 2019, when the relevant portion of the grievance review system, "Grievance and Appeal Timelines," was last updated. *See id.* Ex. 2 at 3 (ECF 23 at 11) (OAR 291-109-0205). But none of Plaintiff's former grievances occurred during the relevant *term* of incarceration, for which he was incarcerated at EOCI beginning May 5, 2020. Sobotta Decl. ¶ 3 (ECF 23 at 2). There is also almost a two-year gap between the grievance at issue and Plaintiff's former grievances, the last of which occurred on March 2, 2020.

Plaintiff, however, does not assert lapse of memory or otherwise explain why he thought he had a longer time to file a grievance. And Plaintiff's ten prior grievances were all filed within fourteen days of the grieved incidents, refuting his assertion that he was not familiar with the system. *See* Sobotta Decl. Ex. 9 (ECF 23 at 35-38). The Court thus concurs with Judge You's findings about Plaintiff's prior grievances.

Finally, in Plaintiff's objection, he asserts for the first time that he was suffering from an injury that prevented him from timely filing a grievance. Defendants respond that Plaintiff did not assert this reason in response to ODOC's decision to deny his relevant grievance as untimely. The applicable Oregon Administrative Rule gives AICs a chance to demonstrate why their

PAGE 4 – ORDER

grievance could not have been timely filed. *See* OAR 291-109-205(1) (AICs must submit initial grievances within 14 calendar days of the grievable incident, "unless the AIC can satisfactorily demonstrate why the grievance could not be timely filed."). ODOC also has a second-level appeal of denied grievances. For purposes of the PLRA, "proper exhaustion of administrative remedies . . . means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (quotation marks omitted). This means the administrative body must have "*erred against objection made at the time appropriate under its practice*." *Id.* (emphasis in original) (quotation marks omitted). Because Plaintiff did not attempt to demonstrate to ODOC why his grievance could not be timely filed through the appeals procedure, he did not exhaust his available administrative remedies for this purported reason.

Moreover, the record does not support Plaintiff's new contention. Plaintiff previously asserted that he needed an x-ray in case he needed "to take legal action against Department of Corrections personnel," not necessarily to diagnose pain. Pl.'s Ex. 5 (ECF 26 at 12). The eventual imaging report found "normal radiographic appearance of right ribs." *Id.* Ex. 7 (ECF 26 at 14). And as Judge You preemptively pointed out, Plaintiff filed another untimely grievance on the same date, January 7, 2022, relating to a separate issue involving the return of property. As to that untimely grievance, Plaintiff stated, "I thought I had as long as I needed" and said nothing about being unable to file a timely grievance for medical reasons. Thus the evidence does not support Plaintiff's claim that he could not file a timely grievance because of a rib injury.

In sum, the Court agrees with Judge You's conclusions on Plaintiff's objections and adopts those portions of the Findings and Recommendation. For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the

recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge You's Findings and Recommendation (ECF 33), as supplemented herein. The Court GRANTS Defendants' motion for summary judgment (ECF 22) and terminates Plaintiff's claims without prejudice.

**IT IS SO ORDERED.**

DATED this 11th day of May, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge